**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **Traxxas, L.P.** | |
| *Plaintiff*, | CASE NO. 08CV452 |
| v. | JURY |
| **International Toy Sales And Distribution Company, and** | |
| **New Bright Industrial Company, LTD.** | |
| *Defendants*. | |

**PLAINTIFF TRAXXAS, L.P.'S**
**<u>ORIGINAL COMPLAINT</u>**

For its original complaint against International Toy Sales and Distribution Company, International Toy Sales and Distribution Company d/b/a New Bright Industries, and New Bright Industrial Company, Ltd. (collectively "New Bright"), plaintiff Traxxas, L.P. ("Traxxas") alleges:

<u>PARTIES</u>

1.      Plaintiff Traxxas is a limited partnership organized under the laws of Texas and has its principal place of business at 1100 Klein Road, Plano, Texas 75074.

2.      Upon information and belief, Defendant International Toy Sales and Distribution Company is a Michigan corporation which has its principal place of business at 30260 Oak Creek Drive, Wixom, Michigan 48393, and which can be served via service on its registered agent, Douglas H. Dold of Dold, Spath & McKelvie, P.C., 17190 Denver Avenue, Detroit, Michigan 48224.   Defendant International Toy Sales and Distribution Company transacts business in Texas and in this district.   Defendant International Toy Sales and Distribution Company may also do business under the name New Bright Industries.

**Page** 1 of 24

3.    Upon information and belief, Defendant New Bright Industrial Company, Ltd. is a Chinese company having a place of business at 30779 Oak Creek Drive, Wixom, Michigan 48393.  Defendant New Bright Industrial Company, Ltd. transacts business in Texas and in this district.

4.    For all purposes of this Complaint, the defendants will be referred to collectively as "New Bright."

<u>**NATURE OF ACTION, JURISDICTION AND VENUE**</u>

5.    This is an action for: (a) infringement of registered trademarks under the Lanham Act, 15 U.S.C. § 1114(1); (b) counterfeiting of registered trademarks under the Lanham Act, 15 U.S.C. § 1114(1); (c) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1); (d) unfair competition under the Lanham Act, 15 U.S.C. § 1125(a)(1); (e) trade dress infringement under the Lanham Act, 15 U.S.C. § 1125(a)(1); (f) trademark infringement under the common law of the State of Texas, and (g) trademark dilution under the Texas Anti-Dilution Statute, TEX. BUS. & COM. CODE § 16.29.

6.    The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, & 1367, and 15 U.S.C. § 1121.

7.    Venue is proper under 28 U.S.C. §§ 1391(b) & (c) and 1400(a) because, among other things, a substantial part of the events or omissions giving rise to the claims occurred in this district and/or a substantial part of the property that is  the subject of the action is situated in this district.

## FACTS

### Plaintiff's Trademarks

8.     Plaintiff Traxxas is the owner of several trademarks including the marks TRAXXAS® and MAXX®, alone or with other terms, in connection with radio controlled model vehicles and parts therefor.  Traxxas has continuously sold, since at least as early as 1991, radio controlled model vehicles under the MAXX® and TRAXXAS® trademarks.

9.     Traxxas owns three registrations on the Principal Register of the United States Patent and Trademark Office for the TRAXXAS® trademark in connection with radio controlled vehicles, including:

| MARK | REG. NO. | ISSUE DATE | GOODS INCLUDE |
|---|---|---|---|
| TRAXXAS | 3,205,399 | Feb. 6, 2007 | Radio-controlled model vehicles and parts therefor. |
| *TRAXXAS* | 2,292,851 | Nov. 16, 1999 | Radio-controlled model vehicles and parts therefore, sold as a unit. |
| *TRAXXAS* | 2,314,111 | Feb. 1, 2000 | Radio-controlled model vehicles and parts therefore, sold as a unit. |

Copies of these three registrations are attached as Exhibits A, B, and C.

10.     Traxxas owns two registrations on the Principal Register of the United States Patent and Trademark Office for the MAXX® trademarks in connection with radio controlled vehicles, including:

| MARK | REG. NO. | ISSUE DATE | GOODS INCLUDE |
|---|---|---|---|
| MAXX | 3,191,106 | Jan. 2, 2007 | Radio-controlled model vehicles and parts therefor. |
| T-MAXX | 3,169,710 | Nov. 7, 2006 | Radio-controlled model vehicles and parts therefor. |

Copies of these two registrations are attached as Exhibits D and E.

11.     Each of the above listed registrations is valid and subsisting.  Each of the above-identified registrations is, therefore, conclusive evidence of the validity of the registered

mark and of the registration of the mark, of Traxxas' ownership of the mark, and of Traxxas' exclusive right to use the registered mark in commerce.   New Bright had, therefore, at minimum, constructive notice, at all relevant times, of Traxxas' ownership and other rights in the TRAXXAS® and MAXX® marks, pursuant to 15 U.S.C. § 1072.

12.    In addition to the registrations listed above, Traxxas also owns a pending application on the Principal Register of the United States Patent and Trademark Office for another MAXX® trademark in connection with radio controlled vehicles:

| MARK | APP. NO | FIRST USE DATE | GOODS INCLUDE |
|---|---|---|---|
| E-MAXX | 77/587,094 | Dec. 4, 2000 | Radio-controlled model vehicles and parts therefor. |

A copy of this application is attached as Exhibit F.

13.    Traxxas also owns unregistered trademarks for the marks S-MAXX™ and SPORTMAXX™, also used for radio-controlled model vehicles and parts therefor.

14.    Traxxas has invested tremendous time, energy, and money promoting the TRAXXAS® and MAXX® marks and the goods sold thereunder.  As a result of these efforts and of the high quality of Traxxas' TRAXXAS® and MAXX® products, the TRAXXAS® and MAXX® marks have acquired a favorable reputation in the marketplace as an identifier and symbol of Traxxas' products and goodwill.

15.    Traxxas continues to invest substantial sums in promoting its products offered under the TRAXXAS® and MAXX® marks.

16.    Traxxas has had great sales success for over ten years with its TRAXXAS® and MAXX® brand of radio-controlled model vehicles.  Traxxas continues to actively advertise and promote its products under the TRAXXAS® and MAXX® marks.

17.    Traxxas sells its radio-controlled model vehicles under the TRAXXAS® and MAXX® marks through a variety of trade channels, including but not limited to, the internet

retailer Amazon.com.  Attached as Exhibit G is a copy of a printout from the Amazon.com website showing the TRAXXAS® T-MAXX® 4WD Monster Truck available for purchase.

18.    As a result of Traxxas' sustained, substantial, and successful promotion and sales of high-quality products under the TRAXXAS® and MAXX® marks, as well as the distinctiveness of the TRAXXAS® and MAXX® marks, the TRAXXAS® and MAXX® marks are widely-recognized.  The TRAXXAS® and MAXX® marks have come to signify the source of the products sold under them.  This consumer association developed before New Bright began using, reproducing, diluting, and infringing upon the TRAXXAS® and MAXX® marks.

19.    The TRAXXAS® and MAXX® marks are inherently distinctive as to radio-controlled model vehicles.

20.    The TRAXXAS® and MAXX® marks are not only distinctive and strong, but are now famous for radio-controlled model vehicles.

### *Defendants' Unlawful Activities*

21.    Upon information and belief, New Bright makes, sells, advertises and/or imports into the United States radio-controlled model vehicles bearing the word or brand "MAX" and/or vehicle packaging bearing the word or brand "MAX" (the "Infringing Products"), including at least the following vehicles:

Mighty MAX 1:8 Scale Radio-Controlled 9.6V Electric Buggy ("Mighty MAX Buggy"),

Mega MAX 1:5 Scale Radio-Controlled 7.2V Electric Buggy ("Mega MAX Buggy"), and

MAX Electric Full Function Remote Control Monster Truck ("MAX Electric Truck").

22.    As shown below, each of the Infringing Products bears the word "MAX" in large, bold, all-caps writing at several prominent locations on the vehicle.



**Figure 1: Mighty MAX Buggy**

The Mighty MAX Buggy features the word MAX in at least the following locations: on each door of the vehicle, on the outward-facing vertical surfaces of the spoiler, on the top of the hood, and on the top of the spoiler.



**Figure 2: Mega MAX Buggy**

The Mega MAX Buggy features the word MAX in at least the following locations: on each door of the vehicle, on the outward-facing vertical surfaces of the spoiler, on a plate on each side of the vehicle, and on the top of the spoiler.



**Figure 3: MAX Electric Truck**

The MAX Electric Truck features the word MAX in at least the following locations: on each door of the vehicle, on the front grill between the headlights, and on a plate on each side of the vehicle.

23.     Upon information and belief, New Bright sells the Infringing Products through retailers, including but not limited to Target Corporation and Toys "R" Us, Inc.  Exhibit H is a printout from Target's internet website indicating that the Mighty MAX Buggy is available in Target stores in this District.   Exhibit I is a printout from Target's internet website indicating that the Mega MAX Buggy is available in Target stores in this District.

24.     Exhibit J is a printout from Toys "R" Us' internet website indicating that the Mighty MAX Buggy is available for purchase online.  Exhibit K is a printout from Toys "R" Us' internet website indicating that the MAX Electric Truck is available for purchase online.  Upon

information and belief, both the Mighty MAX Buggy and the MAX Electric Truck are also available in Toys "R" Us stores in this District.

25.    In addition to using the word MAX on the Infringing Products themselves, New Bright also causes the word MAX to be prominently placed on the packaging for the Infringing Products, as shown below.



**Figure 4: Package for Mighty MAX Buggy**



**Figure 5: Package for Mega MAX Buggy**



**Figure 6: Package for MAX Electric Truck**

26.      New Bright uses the TRAXXAS® and MAXX® marks (both in stylized and in text form), photographs of TRAXXAS® parts, and elements of Traxxas' trade dress to attract customers.  An opportunity for further investigation and discovery will likely produce additional evidentiary support for these allegations.

27.      New Bright also passes off photographs of TRAXXAS® products, or TRAXXAS® products, as its own.  For example, New Bright appears to have copied a Traxxas photograph of a TRAXXAS® tire and used it on the packaging of its Mighty MAX Buggy without permission from Traxxas.  Figure 7 below is a close-up photograph of the packaging for of the Mighty MAX Buggy.  The stylized mark TRAXXAS® can be seen on the sidewall of the tire.



**Figure 7: Close Up of Package for Mighty MAX Buggy**

28.     New Bright is not authorized to use the TRAXXAS® mark in any way, including using TRAXXAS® tires on its products, or using images of TRAXXAS® parts on its packaging. While the actual tires on the Mighty MAX Buggy do not bear the TRAXXAS® mark, it appears that the Mighty MAX Buggy rear tires are copies of TRAXXAS® TALON™ tires, because their tread pattern is virtually identical to the tread pattern of the TRAXXAS® TALON™ tires, as can be seen in the side-by-side comparison below.



Mighty MAX Rear Tire              TRAXXAS® TALON™ Tire

29.     The overall appearance, color scheme, and configuration of the MAX Electric Truck is also confusingly similar to the TRAXXAS® T-MAXX® truck, as can be seen in the side-by-side comparison below.



MAX Electric Truck                    TRAXXAS® T-MAXX® Truck

30.     New Bright's Infringing Products and the packaging therefor prominently use the term MAX, which is confusingly similar to Traxxas' MAXX® marks.  The term MAX is given special emphasis by displaying it in a font that is larger than the other text on the packaging, and in a color that sets it apart from the rest of the packaging.  Thus, this term serves to attract customers' attention through confusion with he well-known and trusted MAXX® brand.

31.     New Bright's infringement and other actions detailed above are willful, in that:

(a)     New Bright has actual knowledge of the TRAXXAS® and MAXX® marks;

(b)     In making use of (i) the word MAX, (ii) the photograph of a TRAXXAS® tire on the Mega MAX Buggy package, (iii) the Mega MAX Buggy tires with identical tread pattern as the TRAXXAS® TALON™ tire, and (iv) trade dress for the MAX Electric Truck that is confusingly similar to that of the TRAXXAS® T-MAXX® Truck, New Bright's actions are quite obviously a coordinated and multi-faceted scheme to use the TRAXXAS® and MAXX® marks and Traxxas' goodwill to attract customer attention;

and further investigation and discovery will likely uncover additional evidentiary support for these allegations.

32.     New Bright's systematic and repeated unauthorized use of the TRAXXAS® and MAXX® marks for competing products and services, provided to the same class of customers,

through similar marketing channels, is likely to cause confusion, to cause mistake, and/or to deceive customers and potential customers of the parties into thinking that New Bright and/or its products are somehow approved, sponsored, or licensed by, or are affiliated with, Traxxas.

33.     Unless New Bright's unlawful acts are restrained by this Court, they will continue, causing irreparable injury to Traxxas and to the public, for which there is no adequate remedy at law.

## CLAIMS

### Count I

### *Infringement of Registered Trademarks in Violation of the Lanham Act, 15 U.S.C. § 1114(1)*

34.    Traxxas hereby incorporates by reference all of the allegations in the preceding paragraphs of its complaint.

35.    New Bright's unauthorized use of the TRAXXAS® and MAXX® marks in connection with the advertising, marketing, distribution and sale of competing products falsely suggests that New Bright and/or its products and services are connected with, sponsored by, affiliated with, or related to Traxxas, and such use is likely to cause confusion, or to cause mistake, or to deceive, all in violation of 15 U.S.C. § 1114(1).

36.    By reason of the foregoing, Traxxas has been and will be irreparably harmed and damaged.  Traxxas' remedies at law are inadequate.

**Count II**

***Counterfeiting of Registered Trademarks***
***Under the Lanham Act, 15 U.S.C. § 1114(1)(a)***

37.    Traxxas hereby incorporates by reference all of the allegations in the preceding paragraphs of its complaint.

38.    New Bright's depiction of TRAXXAS® tires on the packaging of its Mega MAX Buggy is unauthorized by Traxxas and constitutes a use in commerce of a reproduction, counterfeit, copy, or colorable imitation of the registered TRAXXAS® mark in connection with the sale, offering for sale, distribution, or advertising of goods on which such use is likely to cause confusion, or to cause mistake, or to deceive, and further constitutes prohibited use of a counterfeit mark in violation of 15 U.S.C. § 1114(1)(a).

39.    By reason of the foregoing, Traxxas has been and will be irreparably harmed and damaged.  Traxxas' remedies at law are inadequate.

**Count III**

***False Advertising in Violation of***
***the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)***

40.     Traxxas hereby incorporates by reference all of the allegations in the preceding paragraphs of its complaint.

41.     New Bright's use in commerce of the mark TRAXXAS[®], when the product promoted does not truly have TRAXXAS[®] brand tires, constitutes a false or misleading description or misrepresentation of fact about the nature, characteristics, or qualities of the product it purports to sell, all in violation of 15 U.S.C. § 1125(a)(1)(B).

42.     By reason of the foregoing, Traxxas has been and will be irreparably harmed and damaged.  Traxxas' remedies at law are inadequate.

## Count IV

### *Unfair Compeition Under*
### *Lanham Act, 15 U.S.C. § 1125(a)*

43.     Traxxas hereby incorporates by reference all of the allegations in the preceding paragraphs of its complaint.

44.     New Bright's sale of the Infringing Products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of New Bright with Traxxas, or as to the origin, sponsorship, or approval of New Bright's goods, services, or commercial activities by Traxxas, constituting unfair competition in violation of 15 U.S.C. § 1125(a).

45.     By reason of the foregoing, Traxxas has been and will be irreparably harmed and damaged.  Traxxas' remedies at law are inadequate.

**Count V**

***Trade Dress Infringement Under***
***Lanham Act, 15 U.S.C. § 1125(a)***

46.     Traxxas hereby incorporates by reference all of the allegations in the preceding paragraphs of its complaint.

47.     The unauthorized use by New Bright of Traxxas' trade dress including tire tread pattern, overall appearance, color scheme, and configuration of the Infringing Products is a use in commerce of a symbol or device that is likely to cause confusion, mistake, or to deceive purchasers, the trade, or the public as to the affiliation, connection, or association of New Bright with Traxxas, or as to the origin, sponsorship, or approval of New Bright's goods, services, and commercial activities by Traxxas, constituting prohibited trade dress infringement in violation of 15 U.S.C. § 1125(a).

48.     By reason of the foregoing, Traxxas has been and will be irreparably harmed and damaged.  Traxxas' remedies at law are inadequate.

## Count VI

### *Trademark Infringement Under*
### *Texas Common Law*

49.     Traxxas hereby incorporates by reference all of the allegations in the preceding paragraphs of its complaint.

50.     Traxxas owns trademark rights in the TRAXXAS® and MAXX® marks used on radio-controlled model vehicles and parts therefor, including but not limited to S-MAXX and SPORTMAXX.

51.     New Bright has begun selling the Infringing Products without authorization from Traxxas.

52.     These acts by New Bright constitute infringement of Traxxas' TRAXXAS® and MAXX® marks under the common law of the State of Texas.

53.     By reason of the foregoing, Traxxas has been and will be irreparably harmed and damaged.  Traxxas' remedies at law are inadequate.

**Count VII**

***Trademark Dilution Under the***
***Texas Anti-Dilution Statute, TEX. BUS. & COM. CODE § 16.29***

54.     Traxxas hereby incorporates by reference all of the allegations in the preceding paragraphs of its complaint.

55.     New Bright's acts described herein are likely to dilute the distinctive quality of the registered TRAXXAS® and MAXX® marks.

56.     By reason of the foregoing, Traxxas has been and will be irreparably harmed and damaged.  Traxxas' remedies at law are inadequate.

<u>**PRAYER FOR RELIEF**</u>

Wherefore, Traxxas prays for the following relief from the Court:

1.     That New Bright, its corporate officers, directors, agents, employees, subsidiaries, parent corporations, affiliates, attorneys, privies, successors and assigns, and all those acting in concert or participation with them, be preliminarily and permanently enjoined and restrained from:

   a)     using the designation "MAXX," or any designation confusingly similar thereto, including but not limited to the designation "MAX," as the name or brand for any product or packaging for any product that it sells;

   b)     using photographs or other depictions of TRAXXAS® or MAXX® products, whether modified or unmodified, to represent products not manufactured and sold by Traxxas;

   c)     committing any other acts or making any oral, written, or electronic statements calculated, or the reasonably foreseeable consequence of which would be,

to infringe any of Traxxas' trademark rights or copyrights, or to confuse, mislead, or deceive consumers of radio-controlled model vehicles;

2.      That New Bright immediately be required to deliver up for impoundment and/or destruction:  (a) all products, signs, prints, advertisements, catalogs, photographs, and any other materials in its possession or control that bear or display the TRAXXAS® and MAXX® marks, or any other mark or designation confusingly similar thereto; (b) all photographs of Traxxas products that have been altered in any way; (c) all copies of drawings of tire treads based on Traxxas tire tread designs or that otherwise infringe Traxxas' trade dress rights, and (d) all plates, molds, matrices, masters, tapes, film negatives, or other articles or means capable of making or reproducing the same;

3.      That New Bright immediately be required to recall all advertising or other promotional materials using the MAX designation that it distributed to any person, and deliver up the same for destruction as under the previous paragraph;

4.      That the Court order New Bright to file with the Court and to serve upon Traxxas, within thirty (30) days after the service of an injunction upon New Bright, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the injunction;

5.      That New Bright account for, and turn over to Traxxas, all its profits from the sales it has made of any products:

        (a)      bearing the designation MAX;

        (b)      bearing the TRAXXAS® or MAXX® marks; or

        (c)      using Traxxas' trade dress.

6.      That Traxxas be awarded compensatory damages;

7.      That, pursuant to 15 U.S.C. § 1117(b), treble damages be added to the damages awarded in favor of Traxxas;

8.      That this case be declared exceptional and that Traxxas be awarded attorney fees pursuant to 15 U.S.C. § 1117;

9.      That Traxxas be awarded prejudgment interest; and

10.     That Traxxas be granted such other and further relief as the Court may deem just and proper.


**JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38, Traxxas hereby demands a trial by jury on all issues triable by right to a jury.


Dated:  November 25, 2008                        Respectfully Submitted,



                                                 /s/ Albert B. Deaver, Jr.
Charles Phipps                                   Albert B. Deaver, Jr.
Texas State Bar No. 00794457                     Lead Attorney
LOCKE LORD BISSELL & LIDDELL LLP                 Texas State Bar No. 05703800
2200 Ross Avenue, Suite 2200                     Tanya L. Chaney
Dallas, TX 75201                                 Texas State Bar No. 24036375
Ph. (214) 740-8000                               LOCKE LORD BISSELL & LIDDELL LLP
Fax (214) 740-8800                               600 Travis
cphipps@lockelord.com                            3400 Chase Tower
                                                 Houston, TX 77002-3095
                                                 Phone: (713) 226-1200
                                                 Facsimile: (713) 223-3717
                                                 adeaver@lockelord.com
                                                 tchaney@lockelord.com



                                                 *Attorneys for Plaintiff*